UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PETER GRAZIANO,

                Petitioner,

  -against-                                9:04-CV-0084
                                                      (LEK/GJD)

WILLIAM LAPE, Superintendent of Marcy
Correctional Facility,

                Respondent.
_____

**MEMORANDUM-DECISION AND ORDER**

**I.    Background**

Petitioner Peter Graziano ("Graziano") filed a motion for reconsideration of this Court's February 9, 2005 Order ("February 9 Order") upholding the July 19, 2004 Order ("July 19 Order") of Magistrate Judge Gustave J. DiBianco denying Graziano leave to amend his habeas corpus petition to include a second denial of parole.[1]  Motion (Dkt. No. 19).  As Graziano was currently litigating that second parole denial in the New York State courts, and there was no basis upon which to ignore the exhaustion requirement for presenting his claim to this Court in a habeas corpus petition, this Court upheld Judge DiBianco's July 19 Order.  February 9 Order (Dkt. No. 17).

Graziano appeared before the New York State Board of Parole ("Parole Board") for the third time on February 1, 2005, and was denied parole the next day.  Motion (Dkt. No. 19) at 2.  Graziano claims that this third denial of parole renders the state court appeal of his second denial of parole moot.  Id.  Therefore, he contends, the Court should consider his claim exhausted in the state courts,

---

[1] For a more detailed recitation of the facts, see the Court's February 9 Order.  Order (Dkt. No. 17).

1

and allow him to include the second denial of parole in his petition.  Id.  The New York State courts have not yet rendered a decision on his second denial of parole.  Id.

**II.     Discussion**

There are three possible grounds upon which a motion for reconsideration may be granted: "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice."  In re C-TC 9th Ave. P'ship, 182 B.R. 1, 3 (N.D.N.Y. 1995) (McAvoy, C.J.).  In his motion, Graziano only discusses the occurrence of his third denial of parole; he does not indicate that any laws have changed or that any laws were erroneously applied.  Motion (Dkt. No. 19).  Thus, Graziano's motion must be based upon the availability of new evidence or the prevention of manifest injustice.

A district judge may reconsider any non-dispositive matter determined by a magistrate judge under a "clearly erroneous or contrary to law" standard of review.  See 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a).  A party seeking to overturn a ruling under the clearly erroneous standard generally bears a "heavy burden."  See Com-Tech Assocs. v. Computer Assocs., Int'l, Inc., 753 F. Supp. 1078, 1099 (E.D.N.Y. 1990), aff'd, 938 F.2d 1574 (2d Cir. 1991).  The Supreme Court has stated that "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948) (quoted in Derthick v. Bassett-Walker Inc., 1992 WL 249951, at *8 (S.D.N.Y. Sept. 23, 1992)).  Pursuant to this highly deferential standard of review, magistrate judges are afforded broad discretion and reversal is only appropriate if there is an abuse of discretion.  See Derthick, 1992 WL 249951, at *8.

The new evidence that Graziano presents in his motion for reconsideration is his third denial

of parole on February 2, 2005. Motion (Dkt. No. 19). He claims that this evidence renders his state court appeal of his second denial of parole moot, because "any subsequent appearance before a new Board renders the prior issues to that Board moot." Id. at 2. Even assuming, *arguendo*, that any issues surrounding the second parole denial currently being litigated in the state courts are rendered moot by the third appearance before the Parole Board, that is a decision to be made by the New York State courts. This Court will not attempt to predict their decisions. As no decision has been made on Graziano's state court appeal, he has not exhausted his state court remedies, and therefore cannot present this claim to this Court in his habeas corpus petition. Further, because Graziano is not entitled to include this claim in his petition, there is no possibility of manifest injustice in denying his motion. Therefore, the February 9 Order of this Court is affirmed.

### III.   Conclusion

Based on the foregoing discussion, it is hereby

ORDERED, that Graziano's motion for reconsideration is **DENIED**; and it is further

ORDERED, that Graziano's request to amend his habeas corpus petition to include the 2003 parole denial is **DENIED**; and it is further

ORDERED, that the Clerk serve a copy of this order on all parties.

DATED: May 04, 2005
    Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge